### No. 441
### COMMERCIAL CREDIT CO. v. JONES and GOODWIN

Ohio Appeals, 7th Dist., Mahoning County
Decided March 21, 1924

229 CHATTEL MORTGAGES—1. Recording of chattel mortgage held constructive notice.

2. As assignee of a chattel mortgage takes same right as mortgagee.

3 Purchaser of chattel mortgaged goods held to take property subject to mortgage.

FARR, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action in Youngstown Municipal Court to recover the amount due on a promissory note held by the credit company and to foreclose a chattel mortgage securing the same. On June 3, 1922 Jones purchased an automobile from the Maxwell Co. in Youngstown and gave a chattel mortgage and promissory note for part of the purchase price. Immediately thereafter the note and mortgage were both assigned to the Credit Co. of Baltimore, Md. The chattel mortgage was filed with the County Recorder of Mahoning county on June 5, 1922. Jones being unable to pay for the car, returned the same five days after he purchased it. The Motor Sales Company took charge of the automobile and on June 16 sold the same to one Godwin. As Jones defaulted on the note, the Credit Co. brought and action against Jones and Godwin to foreclose on the automobile. The lower court held for plaintiff, whereupon defendants prosecuted error. The judgment was affirmed by the Common Pleas Court of Mahoning county, whereupon defendant prosecuted error and appeal. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The recording of a chattel mortgage is constructive notice to all persons dealing with the property.

2. An assignment of a chattel mortgage and the debt it secured invested the assignee with all the rights and powers which were possessed by the mortgagee.

3. As the defendants had constructive notice of the existence of this mortgage, the mortgage was perfectly valid as against them.

Attorneys—McKain and Ohl, for Credit Company; H. P. McCoy, for Godwin; all of Youngstown.